## C. E. THOMASON V. THE STATE.

### No. 2557.   Decided October 22, 1913.

**1.—Arson—Accomplice—Sufficiency of the Evidence.**

Where, upon trial of arson, defendant was indicted as an accomplice and the evidence sufficiently sustained the conviction, there was no reversible error.

**2.—Same—Bills of Exception.**

Where the bills of exception referred to in the motion for new trial did not appear in the record on appeal, the same could not be reviewed.

**3.—Same—Bills of Exception—Practice on Appeal.**

Where the bills of exception were not properly prepared under the rules as required by the decision of this court, they could not be considered on appeal. Following James v. State, 63 Texas Crim. Rep., 75, and other cases.

**4.—Same—Evidence—Bills of Exception.**

Upon trial of arson, there was no error in admitting testimony that when the witness first discovered the fire, he could smell coal oil very strong, and afterwards could see that it had been used, etc., besides, the bill of exceptions was defective.

**5.—Same—Principal—Charge of Court—Accomplice—Article 743.**

Where defendant was indicted as an accomplice to arson, and at no time during the trial requested any charge that the testimony of the various witnesses showing or tending to show the guilt of the principal could not be considered by the jury against defendant, and raised this question for the first time in his amended motion for new trial, the same came too late; besides, the evidence was admissible to establish the guilt of the principal, and no injury being shown, there was no error under article 743, Code Criminal Procedure.

**6.—Same—Evidence—Opinion of Witness.**

Upon trial of arson, there was no error in refusing to admit in evidence the opinion of defendant's witness that when he first saw the fire, he believed the building had been struck by lightning.

**7.—Same—Argument of Counsel—Charge of Court.**

Where the *court, in his main charge,* instructed the jury not to consider a certain remark of State's counsel, there was no error in refusing to give defendant's requested charge on the same subject.

**8.—Same—Practice—Special Charge.**

There was no reversible error, where the jury had inadvertently failed to take with them one of defendant's special charges which had been given and read to the jury; besides, the record does not show when defendant first discovered this.

**9.—Same—Newly Discovered Evidence.**

Where defendant's motion for new trial, on the ground of newly discovered evidence, did not comply with the law and rules so as to show any error of the court in refusing to grant a new trial on that ground, there was no reversible error; besides, the ruling of the court presented no error.

Appeal from the District Court of Jones.  Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of arson as an accomplice; penalty, five years imprisonment in the penitentiary.

The theory of the State was that defendant had had this building insured; that in order to secure the insurance, he employed the principal to burn it; it also being shown that said principal occupied a room in the said building, and circumstances tended to show that he used kerosene oil in saturating the floor and then touched it off to burn.

The defendant claimed that the property burned at the time of the fire was much more valuable than the insurance which he could get out of it, and that, therefore, he had no motive to have it set on fire.

*Brooks & Brooks* and *S. W. Bishop,* for appellant.—On question of admitting testimony as to the State's witness smelling and seeing oil: Casper v. State, 23 S. W. Rep., 331; Tyles v. State, 125 S. W. Rep., 922; Funderburk v. State, 61 S. W. Rep., 1059; Bonnard v. State, 73 S. W. Rep., 959; Pool v. State, 88 S. W. Rep., 350; Martin v. State, 58 S. W. Rep., 112.

On question of jury's failure to take in their retirement defendant's special charge:  West v. State, 2 Texas Crim. App., 209; Smith v. State, 1 id., 408; Williams v. State, 18 id., 521; McLain v. State, 30 id., 482.

On question of newly discovered evidence:  Bell v. State, 1 Texas Crim. App., 598; Lindley v. State, 11 id., 283; Trimble v. State, 16 id., 115.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Presiding Judge.—From a conviction for accomplice to arson, with a penalty of five years assessed, appellant has appealed.

Both the record proper and the statement of facts are very lengthy. We have carefully read and studied the whole, together with all of appellant's attacks on the conviction.  The State's case depended wholly upon circumstantial evidence.  The criminating facts and circumstances against appellant are many.  After a careful consideration, we are of the opinion that the evidence is sufficient to sustain the conviction and that we would not be authorized, under the law, to disturb the verdict and judgment of the lower court.

In appellant's motion for new trial he attempts to present many questions merely stating the question and stating in the ground of the motion that they will be more particularly shown by his bill of exceptions, giving the number thereof.  In many of these grounds there is no bill in the record as referred to.  We take it that no such bill was taken and allowed and, of course, no questions thus attempted to be raised can be considered.

Appellant, however, has a few bills of exception in the record.  Not

one of them is so drawn as to authorize or require this court properly to consider it. They are very meager and as presented are insufficient to show any error. James v. State, 63 Texas Crim. Rep., 75; Conger v. State, 63 Texas Crim. Rep., 312; Ortiz v. State, 151 S. W. Rep., 1056, and authorities cited in these cases. The rules for preparing and presenting bills of exceptions have been so long and thoroughly established we deem it unnecessary to collate the cases or cite any number of them.

The substance of the first bill in the record, after reciting the style of the cause and number thereof and the court, and the formal part, "Be it remembered," is: "While the witness Ben Bickers was on the stand testifying in behalf of the State said witness was permitted to testify over the objection of this defendant as follows, towit: 'As to what evidence of coal oil I found around that fire will say that I do not know that I found anything that morning, but that night when I first discovered the fire I could smell coal oil very strong, and in fact I could see that it had been used there. I did not know at the time that it was coal oil that had been used on the floor, but I believe it was, smelling it so strong at the time I first went up.'" Then follows appellant's objections and the approval of the bill by the judge. Even if we could consider this bill, the evidence objected to was clearly admissible. Harris v. State, 62 Texas Crim. Rep., 235; Powdrill v. State, 62 Texas Crim. Rep., 442, and authorities cited in said cases.

At no time during the trial of the case did the appellant request any charge to the effect that the testimony of the various witnesses or any witness, showing or tending to show the guilt of Paul Walker, the principal, could not be considered by the jury against appellant. More than a week after the trial, for the first time, appellant in his amended motion for a new trial complained that the court erred in permitting the testimony of certain witnesses to certain acts and conduct of the principal, Paul Walker, on the night of the fire, claiming that such testimony was not admissible as tending to show the guilt of said Walker, the principal. "And if admitted at all the jury should have been instructed that said testimony in no event could be considered against appellant, and if considered by them at all for any purpose could only be considered for showing the guilt or innocence of Paul Walker." Even if this bill presented the matter in such way as that this court could consider the question it presents no reversible error. This court, through Presiding Judge Hurt, in Armstrong v. State, 33 Texas Crim. Rep., 417, on this subject said: "Teague and Alexander are charged as principals, Armstrong as an accomplice to the robbery. The State must establish the guilt of the principal. This can be done by such facts as would be competent evidence against him if he were on trial. . . . Counsel for appellant requested the court to instruct the jury, 'That all acts and declarations of Alexander and Teague are in evidence only to show their guilt, and can not be used to show the guilt of the defendant.' Conspiracy apart, the instruction contains a sound rule of evidence. But let us suppose that the acts and declarations of Alexander or Teague

were admissible against them, but not against appellant. Should the requested charge have been given? This depends upon another fact. If the acts and declarations of the principal, though admissible against him, and not admissible against the accomplice, tend to criminate the accomplice, such instructions should be given. But if they have no such tendency, such a charge is not required. Why? Because the jury could not use them for an improper purpose; they could be utilized only for the purpose of proving the guilt of the principal. Looking carefully through the statement of facts, we find no act or declaration of either of the principals which tends to criminate the defendant."

Clearly all such evidence attempted to be complained of was admissible to establish the guilt of the principal. As said by Judge Hurt in the Armstrong case, so we say of this: "Looking carefully through the statement of facts we find no act or declaration of the principal which tends to criminate the defendant." Besides, as the matter is presented, the failure to charge as appellant complained, was not calculated to injure appellant's rights and this court can not reverse on that account. C. C. P., art. 743.

Even if appellant's bill presented the matter in such a way that we could properly consider it the court did not err in refusing to permit Dr. Shell when asked, "When you first looked out and saw the fire what was your opinion at that time as to the origin of said fire?" To which he would have answered that said building had been struck by lightning.

The court in his main charge told the jury not to consider a certain remark in argument by the county attorney. This covered fully and in substance the special charge asked by the appellant on the same subject and the court therefore committed no error in refusing to give appellant's special charge.

Neither is any reversible error shown in the fact that in some way, inadvertently, the jury failed to take with them one of appellant's special charges, which was approved by the judge and read to the jury. The record in no way discloses when appellant first discovered this. By the approval of the charge by the court and giving and reading it to the jury, the appellant got the full benefit thereof.

In the case of Gray v. State, 65 Texas Crim. Rep., 204, 144 S. W. Rep., 283, and cases therein cited, the statute and rules, showing the requisites which would authorize the court to grant a new trial because of newly discovered evidence are fully stated and discussed. It is unnecessary to again discuss them here. Appellant's motion for new trial on this ground clearly does not comply with the law and rules so as to show any error of the court in refusing to grant a new trial on that ground. Besides this, the court on the hearing of the motion for new trial on this ground heard considerable evidence, taking thirty-two pages of typewritten matter to show it in the record and upon consideration thereof the ruling of the court presents no error.

We have taken up and discussed all of the questions presented by appellant in his brief. They present the only material questions neces-

sary to be discussed or decided. We have considered all of the other questions attempted to be raised by appellant and none of them show any error.

The judgment is, therefore, affirmed.

*Affirmed.*