## MAY, 1914.

PAUL WALKER V. THE STATE.

No. 3131.   Decided May 20, 1914.

Rehearing denied June 10, 1914.

**1.—Arson—Sufficiency of the Evidence.**

Where, upon trial of arson, the evidence sustained the conviction, under a proper charge of the court, there was no reversible error on that ground.

**2.—Same — Conspiracy — Circumstantial Evidence — Reasonable Doubt — Charge of Court.**

Where, upon trial of arson, the evidence showed that defendant and another acted together in the commission of the offense and the court submitted proper charges on the question of conspiracy, circumstantial evidence, and reasonable doubt, there was no reversible error.

**3.—Same—Defensive Theory—Fire by Lightning.**

Where, upon trial of arson, the defendant claimed that the alleged house was struck by lightning and was burned thereby, and the court submitted this theory of the defense, there was no error.

Appeal from the District Court of Jones.   Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*S. W. Bishop* and *Brooks & Brooks* and *Alexander, Power & Ridgway,* for appellant.—On question of insufficiency of the evidence: Moore v. State, 66 Texas Crim. Rep., 169, 146 S. W. Rep., 183; Goldsmith v. State, 81 S. W. Rep., 710; Brown v. State, 67 Texas Crim. Rep., 543, 150 S. W. Rep., 436.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for arson in that he wilfully burned the house of C. E. Thomason, which was insured against loss or damage by fire, and the jury assessed the lowest punishment.

This is the same house for which said C. E. Thomason was convicted

as an accomplice to arson, appealed, and affirmed by this court, reported in 71 Texas Crim. Rep., 439, 160 S. W. Rep., 359.

The statement of facts is quite voluminous, containing more than 150 typewritten pages. The evidence as to appellant's guilt was wholly circumstantial. We have carefully read and studied the evidence in this case more than once. One of appellant's defenses was that the house was struck by lightning and fired and burned thereby. There was some evidence which the jury might consider. as tending to show this. On the other hand, the circumstances and the testimony as a whole tend to exclude this idea, and to show with all reasonable certainty that appellant himself set fire to and burned said house. The evidence was clearly sufficient on this point to justify the jury to find the verdict it did. The State's contention was that appellant burned the house at the instance of said Thomason because he had it insured and to enable him to get the insurance thereon. Appellant not only denied that he burned the house, but also denied that Thomason had him do so. The evidence was sufficient to authorize the jury to find, as it did, that he set fire to and burned the house at Thomason's instance, and to enable Thomason to collect the insurance thereon. Convictions for such offenses must always be made, or in most cases, wholly, by circumstantial evidence. Under the law we would not be authorized, nor justified in reversing this case, because of the claimed insufficiency of the evidence. We can see no useful purpose in detailing the testimony of the various witnesses and of the many circumstances tending to show, and satisfactorily showing, that the evidence was sufficient to sustain the verdict.

There was evidence introduced of what said Thomason had done and said tending to show that he had appellant to burn the house for his benefit. The court on this point instructed the jury that if appellant and Thomason conspired together or agreed between themselves that appellant was to burn said house, and in pursuance thereof appellant did burn it, then any act or declaration of Thomason, in appellant's absence, shown by the evidence in furtherance of said common purpose and design, might be considered by the jury for what weight, if any, they saw fit to give it in arriving at their verdict. But if the evidence failed to satisfy them beyond a reasonable doubt that such agreement or conspiracy existed, then such acts or declarations of Thomason would not, in the absence of appellant, be admissible against him and they would give no consideration whatever, but wholly disregarded such evidence in finding their verdict. This charge was in favor of appellant and not against him; or at any rate authorized by the evidence. The court gave a full and correct charge on circumstantial evidence, to which there is no complaint. He required the jury to believe, beyond a reasonable doubt, every essential fact to show appellant's guilt before they could convict him; and, in addition, told the jury that in no event could they convict him, unless they believed from the evidence beyond a reasonable doubt that he wilfully set fire to and burned said house. And still in addition, that he was presumed to be innocent until his guilt was

established by legal and competent evidence ·beyond a reasonable doubt and if they had a reasonable doubt as to his guilt, to find him not guilty.

Again, the court specifically instructed the jury that if said house burned was set afire by lightning, or through accident, neglect or by any other means than through the wilful act of appellant, or if they had a reasonable doubt of it, to acquit him.

We think appellant's rights were protected in every way; that he has had a fair and impartial trial and his guilt has been established by competent and legal evidence, and that the court has committed no error in the trial. The judgment will, therefore, be affirmed.

*Affirmed.*

[Rehearing denied June 10, 1914.—Reporter.]