PER CURIAM.
The defendant-appellant, Nimrod C. Grace, along with three other persons was charged by information with the crime of attempted robbery, convicted by a jury, judgment and sentence imposed by the court. It is from this judgment and sentence the defendant, Grace, appeals. We affirm.
The defendant, in the main, suggests as error the court’s refusal to give any instructions on lesser included offenses and the court allowing into evidence the oral implicating statement of a co-defendant.
*226 In connection with the first alleged error the record fails to show that the defendant made any objection to^ the trial court to the giving or the failure to give any instruction. It is now too late in an appeal for him to assign as error or as grounds of appeal the giving or the failure to give an instruction to the jury. See Section 918.10(4), F.S.1965, F.S.A.; Williams v. State, Fla.App.1959, 109 So.2d 379; Miller v. State, Fla.App. 1958, 102 So.2d 737; Guarino v. State, Fla. 1953, 67 So.2d 650; Febre v. State, 1947, 158 Fla. 853, 30 So.2d 367.
 In connection with the second alleged error the record reveals that all four defendants were jointly tried. They were co-parties. Evidence which is admissible as against one or more co-parties and inadmissible as to other co-parties cannot be excluded. It is the duty of the court to receive it. The implicating statement complained of made by defendant’s co-defendant was admissible in evidence against the co-defendant. However, the trial judge upon request should have instructed the jury that the admissions of defendant’s co-defendant could be considered only in determining the guilt of the co-defendant and could not be considered against the defendant.
The defendant made no request to the court to so instruct as to the purpose and effect of the oral implicating statement. His failure to request the court to give such instructions now precludes him from complaining that the statement was improperly admitted into evidence and that the omission of such instructions was prejudicial. See Burris v. United States, 5 Cir. 1951, 192 F.2d 253; State v. Gillies, 1912, 40 Utah 541, 123 P. 93, 43 L.R.A.,N.S., 776; Thomason v. State, 1913, 71 Tex.Cr. 439, 160 S.W. 359; Vance v. State, 1950, 190 Tenn. 521, 230 S.W.2d 987, cert. denied, 339 U.S. 988, 70 S.Ct. 1010, 94 L.Ed. 1389; 23 C.J.S. Criminal Law § 1032(4) at 1144; 5 Wharton’s Criminal Law and Procedure § 2090 at 256, 258.
For the foregoing reasons, the judgment appealed from is affirmed.
Affirmed.
WALDEN, C. J., and CROSS and Mc-CAIN, JJ., concur.