227 So.2d 326 (1969)
Willie Frank JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2324.
District Court of Appeal of Florida. Fourth District.
October 29, 1969.
C. Lavon Ward, Public Defender, Fort Lauderdale, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
McCAIN, Judge.
As we unsheathed the sword forged by the Supreme Court of the United States in Bruton[1] to slice into a judgment of guilt where confessions of three co-defendants who did not testify were admitted into evidence over timely objections, we were visited with an Armageddon in the form of Harrington[2] where the same court now pronounces that where evidence of guilt is otherwise "overwhelming" the admission into evidence of such co-confessions is to be considered only harmless error.
If such were the reasoning of Bruton it could have been easily stated. Some jurisdictions have reached this conclusion in analogous situations.[3] The consonant note however sounded by Bruton echoes the commission of constitutional error by use of such co-confessions, exemplified by the following language:
"* * * Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed. * *

*327 "* * * It was enough that that procedure posed `substantial threats to a defendant's constitutional rights to have an involuntary confession entirely disregarded and to have the coercion issue fairly and reliably determined. These hazards we cannot ignore.' * * * Here the introduction of Evans' confession posed a substantial threat to petitioner's right to confront the witnesses against him, and this is a hazard we cannot ignore. Despite the concededly clear instructions to the jury to disregard Evans' inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination. The effect is the same as if there had been no instruction at all. * * *"
This would normally lead to the singular conclusion that irrespective of the presence of a defendant's inculpatory statement, prejudicial error is committed by the use of confessions of co-defendants who do not testify.[4] The dissent in Bruton similarly construed the opinion by stating:
"* * * [T]he Court now holds this instruction insufficient and reverses Bruton's conviction. It would apparently also reverse every other case where a court admits a codefendant's confession implicating a defendant, regardless of cautionary instructions and regardless of the circumstances. I dissent from this excessively rigid rule. * * *
"The Court concedes that there are many instances in which reliance on limiting instructions is justified  `[N]ot every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instruction; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently.' Ante, at 1627. The Court asserts, however, that the hazards to the defendant of permitting the jury to hear a codefendant's confession implicating him are so severe that we must assume the jury's inability to heed a limiting instruction. * * * There are good reasons, however, for distinguishing the codefendant's confession from that of the defendant himself and for trusting in the jury's ability to disregard the former when instructed to do so."
Any argument that Bruton's reference to the nonprejudicial nature of some forms of hearsay is sufficient to circumvent reversal, would also normally be dispelled by its pronouncement that:
"* * * Nevertheless, as was recognized in Jackson v. Denno, supra, there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. * * *"
Harrington now compels us to gauge and weigh the adverse effect of the use of co-confessions against other "overwhelming" evidence of guilt. Although we believe Bruton construed this violation of a constitutional right so basic that its infraction could never be considered as harmless, we now are committed to another course. In futuro, prosecutors will have to second guess whether to introduce co-confessions, use of which being subject to assessment by the trial judge and running the gauntlet of appellate reviews. So be it.
Sub judice, the appellant, together with three other men, Stubbs, Waye and Sturgis, were jointly indicted and jointly tried for the crime of rape, a verdict of guilty with recommendation of mercy being returned against all.
In the companion case of Stubbs v. State,[5] we reversed on the authority of Bruton, but the factual situation as to *328 Stubbs is clearly distinguishable from the factual situation as to the appellant. Admitted into evidence was a typewritten transcript, signed by appellant, containing a confession in full and in lurid detail in which he implicated himself along with the others. The confession by appellant was at least as incriminating against him as were those of the co-defendants which were also admitted. The court did not admit the written confession signed by Stubbs but did permit testimony of statements which Stubbs made while in custody admittedly hearsay as to the defendants other than Stubbs. Such statements were of a limited nature and did not incriminate Stubbs to the same extent as did the written confessions of his co-defendants. Thus, as to Stubbs, the admission of the confessions of co-defendants who did not testify was not only error but clearly prejudicial. But appellant's confession, which was clearly admissible as against appellant, was in such detail that the admission of the statements of co-defendants added nothing.
The trial court in the instant case gave an admonition to the jury which according to Bruton was insufficient to accomplish its intended purpose. Nonetheless we do not need to concern ourselves here with the effect of such an instruction, since the other evidence in the record, together with appellant's own confession, made admission of the statements of the co-defendants harmless error.
Affirmed.
WALDEN, J., concurs.
OWEN, J., concurs specially, with opinion.
OWEN, Judge (concurring specially).
I concur in the decision to affirm the judgment. Appellant's written confession, together with the other evidence in the record, made the admission of the statements of the co-defendants harmless error beyond a reasonable doubt.
NOTES
[1] Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.
[2] Harrington v. California, 1969, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284.
[3] People v. Rhodes, 1969, 41 Ill.2d 494, 244 N.E.2d 145; People v. De Vine, Sup.Ct. 1968, 57 Misc.2d 862, 293 N.Y.S.2d 691; United States ex rel. Johnson v. Yeager, 3 Cir.1968, 399 F.2d 508; United States ex rel. Catanzaro v. Mancusi, 2 Cir.1968, 404 F.2d 296. See also Wapnick v. United States, 2 Cir.1969, 406 F.2d 741, and Chapman v. State of California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.
[4] See also Schneble v. State, Fla. 1968, 215 So.2d 611.
[5] Stubbs v. State, Fla.App. 1969, 222 So.2d 228.