McCAIN, Judge.
Appellant, with three other negro males, Stubbs, Jones and Waye, was jointly indicted and jointly tried for the crime of rape, a verdict of guilty with recommenda-ation of mercy being returned against all.
Appellant’s main vituperation concerns the admission into evidence of statements by two of the co-defendants, Jones and Stubbs, which inculpated him.
Notwithstanding the court’s instruction to the jury to disregard these statements in evaluating the case against appellant, our review of the record is required to determine if this error is rendered harmless beyond a reasonable doubt. Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; Roberts v. Russell, 1968, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100; and Harrington v. California, 1969, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284.
The victim established that four negro males committed the rape but she could not identify them.
Neither appellant nor the co-defendants testified. Appellant’s written statement, admitted into evidence, placed him at the scene, implicated the co-defendants but did not admit to any sexual act on his part. At one place in the statement he referred to putting on his clothes but elsewhere stated:
“Q. How many times, to your knowledge, was the girl assaulted and how many times did each of you assault her?
“A. I guess she was assaulted about, maybe ten, eleven times by Dan and Bo-Bo.
« jjj %
“Q. Before you went to the beach or after you committed the sex act?
“A. A — , After we had committed the sex act. After they had.”
Stubbs’ written confession was not admitted but testimony of his statements while in custody were received; however, these were of limited nature. The typewritten transcript by co-defendant Jones, both admitted into evidence and read to the jury, was a confession in complete de *168 tail fully incriminating himself and the others, including appellant, in the rape. This confession was hardly cumulative and could have caused substantial impact on the jury.[1]
Applying the Harrington test, i. e., has harmless error been demonstrated beyond a reasonable doubt, this case cannot pass, and we must conclude reversible error was committed.
This cause is reversed and remanded for a new trial consistent with the views herein expressed.
Reversed and remanded.
REED and OWEN, JJ„ concur.

. See Stubbs v. State, Fla.App.1969, 222 So.2d 228, and Jones v. State, Fla.App.1969, 227 So.2d 326.