OWEN, Judge.
On this appeal from a conviction of robbery and the life sentence entered thereon no reversible error has been shown and we affirm.
Appellant and a co-defendant, James Knott, were tried jointly. The state placed in evidence an audible record made by a recording device of a statement made by each of the defendants as a result of custodial interrogation. The statement of each defendant was inculpatory of both defendants.[1] Appellant complains that the trial court failed to give the jury the limiting instruction that the jury was to consider each statement only against the defendant making the statement. The trouble is that appellant neither requested such an instruction nor objected to the court’s failure to give such. He is precluded both by statute, F.S. Section 918.10(4), F.S.A. and by case law, Grace v. State, Fla.App.1968, 206 So.2d 225, from raising the question on appeal.
Appellant also complains that he was not sufficiently warned of his constitutional rights to counsel before the interrogation commenced and that the evidence is insufficient to establish that his statement was voluntarily given.
The claimed defect in the pre-inter-rogation warning was a failure to inform *594 appellant that if he could not afford counsel, one would be appointed for him at state expense. The words we have emphasized here appear in the reported opinion of Abram v. State, Fla.App.1968, 216 So.2d 498. In the instant case, appellant was expressly advised that if he could not afford to retain his own attorney and wanted an attorney, one would be appointed for him before he was asked any questions. This warning fully complies with the requirements established in the case of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). There simply is no merit to appellant’s contention that he was inadequately advised of his rights because of the omission of the phrase “at state expense" from the statement informing him that a lawyer would be appointed for appellant if he could not afford to retain one. There is no special magic in the words “at state expense” which requires their use in order to satisfy the Miranda rule, cf. State v. Craig, Fla.1970, 237 So.2d 737, but more importantly, the language which was used could convey no other impression than that appellant would be furnished with counsel upon request notwithstanding his financial inability to retain one. We do not construe the Abram case, supra, as holding that the precise words “at state expense” are so mandatorily required that their omission is fatal.
As for the issue of voluntariness, the record discloses competent substantial evidence to sustain the finding by the trial court that the in-custody statements made by each of the defendants was voluntarily given after each defendant was fully advised of his constitutional rights.
The information filed in this case had originally charged one Donald Conta as a co-defendant with appellant and James Knott. Prior to trial the state nol prossed the charges against Conta. While an eyewitness to the robbery was on the stand during the state’s presentation, the prosecuting attorney sought and obtained court approval to violate the sequestration rule to the extent of having Conta brought into the courtroom for the purpose of identification by the witness. Appellant’s counsel objected to the procedure as a violation of the sequestration rule and also because it amounted to a one-man lineup for identification purposes. This objection was overruled. After Conta was brought into the courtroom he was identified by the witness as one of the participants in the robbery, following which Conta complied with the prosecutor’s request that he state his name for the record. Conta then left the courtroom and thereafter was not called as a witness by either side. Appellant contends here that the procedure of permitting Con-ta to testify without being sworn and without being submitted to cross examination by appellant deprived him of his constitutional right of confrontation under the Sixth Amendment of the United States Constitution. We hold that Conta, by merely stating his name and nothing more without being sworn, did not become a witness in the cause. Hence, appellant was not unconstitutionally deprived of the right of cross examination of Conta.
Affirmed.
CROSS, C. J., and MAGER, J., concur.

. It is particularly emphasized that no issue is raised on this appeal that the admission into evidence of the inculpatory statement of co-defendant, James Knott, who did not testify, violated appellant’s Sixth Amendment rights as condemned in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). We note from the record, however, that the appellant’s own recorded statement admitted into evidence was a full and complete confession of appellant’s participation in the robbery with which he was charged and much more inculpatory of appellant than was the statement of the co-defendant, Knott. Thus, even if a Bruton violation had been raised and presented on this appeal, we would be compelled to conclude that appellant’s confession (together with other evidence in the record) so overwhelmingly establishes his guilt that the admission of Knott’s statement was harmless error beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Jones v. State, Fla.App.1969, 227 So.2d 326.