PER CURIAM.
The appellant, Gerald Brown, filed a motion for relief pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The trial court summarily denied the motion. Upon appeal to this Court we reversed the order summarily denying the motion and remanded the cause to the trial court “to consider the petition further, on the sole ground of the alleged use of perjured testimony while same was known by the State to be such * * See Brown v. State, Fla.App.1964, 163 So.2d 335.
The trial judge further considered the motion and entered an order returning the appellant to the trial court for a hearing. Thereafter, the trial court conducted an evidentiary hearing at which testimony was taken and upon consideration thereof, the following order was entered:
“Pursuant to the mandate of the Appellate Court this cause is again before this Court on the said motion to vacate judgment and sentence, and the Court having heard testimony offered by the defendant in support of his motion, and having heard extensive argument of counsel, it is the finding of this Court that the defendant Gerald 'Pops’ Brown has failed to produce any proof of the alleged itse at his trial of perjured testimony while same was known *519 by the State to be such, and therefore, it is,
“ORDERED AND ADJUDGED that the said motion to vacate judgment and sentence under Criminal Procedure Rule No. 1 he and is hereby denied.”
The movant having again appealed to this Court, we have examined the record in the light of his briefs and hold that no error has been shown. The burden is on the movant to show a deprivation of his right to a fair trial. Murray v. State, Fla.App.1965, 172 So.2d 487.
Affirmed.