PER CURIAM.
The appellant urges error upon the summary denial of his motion pursuant to Criminal Procedure Rule I, F.S.A. ch. 924 Appendix. The petition alleges that the petitioner was forced to confess by physical violence and threats that if he told of the violence he would be killed. He relies upon Lee v. State, Fla.App.1965, 175 So.2d 95. In that case we cited and followed many cases, including Jones v. State, Fla.App.1964, 165 So.2d 191, which hold that a person who is coerced into entering a plea of guilty is deprived of a constitutional right.
The record of appellant’s trial reveals that he did not plead guilty. The appellant was represented by a private attorney, entered a plea of not guilty, was tried and found guilty. This appeal is governed by the rule stated in Coyner v. State, Fla.App. 1965, 177 So.2d 715, where the court held:
“The defendant also contends that the confession introduced against him at the trial was an involuntary confession induced by promises of leniency made to him by the police. The defendant was represented by counsel and had a right to directly appeal the error, if any, in permitting the alleged involuntary confession to be introduced into evidence; and he may not now do so by collateral attack on the judgment of conviction. See Thompson v. State, Fla.App.1965, 176 So.2d 564, and cases cited therein.”
See also Ziegler v. State, Fla.App. 1965, 180 So.2d 477.
It should be noted that this is appellant’s second successive rule one petition[1] and that he has followed the language of Lee v. State, supra, exactly; however, the Lee case is not applicable because it involved a plea of guilty. The petition in the case sub judice alleges that a confession was not voluntary.
Affirmed.

. We ruled upon the summary denial of the first petition in Brown v. State, Fla.App.1964, 163 So.2d 335. Upon remand, the lower court held a full evidentiary hearing and denied the petition.