191 So.2d 612 (1966)
Thomas Mitchell BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-251.
District Court of Appeal of Florida. Third District.
October 18, 1966.
Rehearing Denied November 30, 1966.
Nicholas Tsamoutales, Miami; for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
PER CURIAM.
The appellant brings this appeal from a denial of his motion for relief pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. Since the order was entered without an evidentiary hearing, the question presented is whether or not the motion was sufficient in substance to support the relief prayed.
The substance of appellant's motion is that his court-appointed counsel was incompetent in that he did not spend sufficient time in the preparation of the case. While allegations of the incompetency of court-appointed counsel may be a ground for relief pursuant to Criminal Procedure Rule 1, an allegation that the court-appointed attorney did not spend enough time with the accused is not sufficient to constitute a basis for an evidentiary hearing. Simpson v. State, Fla.App. 1964, 164 So.2d 224.
We agree with the trial court that those portions of the motion attempting to raise collaterally the voluntariness of the confession are insufficient to constitute a ground for relief. See Brown v. State, Fla.App. 1966, 187 So.2d 669, and cases cited therein.
*613 Appellant's remaining allegation attempts to collaterally attack the judgment upon the basis of his interrogation prior to trial. See Escobedo v. State of Illinois, 378 U.S. 478, 48 S.Ct. 1758, 12 L.Ed.2d 977. The trial court correctly held that under the allegations of this petition, the judgment was not subject to collateral attack on this ground. See Montgomery v. State, Fla. 1965, 176 So.2d 331.
Affirmed.