**UNITED STATES of America ex rel. Anna Mae HURSTON upon the Petition of Benjamin T. Juceam, her attorney, Petitioner,**

v.

**George F. McGRATH, Commissioner of Correction, City of New York, Respondent.**

**No. 68 C 723.**

United States District Court
E. D. New York.

Sept. 3, 1968.

Benjamin T. Juceam, Brooklyn, N. Y., for petitioner.

J. Lee Rankin, Corp. Counsel, City of New York, for respondent; by Edward L. Johnson, New York City, of counsel.

## OPINION

JUDD, District Judge.

This petition for habeas corpus is based on the receipt of admissions in violation of the *Miranda* doctrine, and alleged lack of adequate counsel at trial.

Petitioner was convicted of possession of policy slips (former New York Penal Law, §§ 974, 975). The record of the trial indicates that some slips were on a bedroom dresser, and others were in a purse in the bedroom, in the apartment in which petitioner was arrested, and which the police officer entered with a search warrant. Defendant's sole occupancy of the apartment and the ownership of the purse were established by statements which she made in response to questions by the officer after he had placed her under arrest (Tr. 12).

The objection which was made at the trial when the officer described his questioning of the defendant and the policy slips were offered in evidence (Tr. 6, 7), did not raise a Fifth Amendment claim under Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The *Miranda* case had been decided about four months before petitioner's trial and was therefore applicable (Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 [1966]). There is no suggestion of any strategic reason which might have led counsel to a deliberate decision not to rely on the

*Miranda* ruling. If the admissions were a substantial part of the evidence leading to conviction, it should still be open to petitioner to claim that there was no intentional waiver of her rights, and that she was prejudiced by the admission of her incriminating statements.

Petitioner has exhausted her state remedies. She was granted a hearing in a coram nobis proceeding in the Criminal Court, Kings County; the denial of the petition for coram nobis was affirmed by the Appellate Term, Second Department, and leave to appeal to the Court of Appeals was denied. The original trial judge presided at the coram nobis proceeding and stated that he did not decide the case on the basis of defendant's admissions, or even consider them, because " * * * this Court always feels that statements made by a defendant, or alleged to be made by a defendant, are kind of weak * * *." (S.M. 12.)

Apart from defendant's admissions, however, there is no proof of her possession of the policy slips, except the fact that they were in an apartment where she was present. She had opened the door to an unidentified female, who was followed into the apartment by the police officer. The prosecutor evidently (and rightly) thought that it was necessary to adduce affirmative proof that petitioner was the sole occupant of the apartment, and that the pocketbook belonged to her.

■ Petitioner's claim of inadequate representation at the trial is closely related to the question whether any waiver of her constitutional rights under the *Miranda* rule was explicit and knowledgeable, as the cases require (Miranda v. State of Arizona, 384 U.S. at 475, 86 S.Ct. 1602; see United States v. Armetta, 378 F.2d 658, 661 [2d Cir. 1967]). The coram nobis record reveals that the trial attorney, with whom she had only a few moments conversation, did not ask petitioner about any statements she had made to the policeman (S.M. 5). This is not necessarily the fault of the trial attorney, for the information stated that no admission was made by the defendant (S.M. 6). Since neither she nor the policeman, nor the trial attorney, had considered the application of the *Miranda* doctrine, no knowledgeable waiver can be implied from this record.

If there were other substantial evidence in the record, it would be necessary to consider the effect of the trial court's statement that he did not consider the defendant's admissions. It is doubtful whether such a statement, six months after the trial, can satisfy the rule that the admission of unconstitutionally improper evidence must be shown to be harmless error beyond a reasonable doubt (Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 [1967]). Here, however, the trial court's disclaimer of reliance on the admissions (taken at full value) leaves no support in the record for petitioner's conviction.

■ The facts having been fully set forth in the record of the trial and the coram nobis proceeding, this Court may grant the habeas corpus petition without a further hearing, on the basis of the record already made (United States ex rel. Wade v. Jackson, 256 F.2d 7, 9 [2d Cir. 1958]). The respondent's return to the petition relies primarily on the record and the presumption of regularity, and does not suggest that any other evidence would be presented at a further hearing.

A writ of habeas corpus will issue and the conviction is set aside, but the order may provide that petitioner may be detained within respondent's custody not to exceed twenty days, upon expiration of which she shall be released and discharged, unless she is retried within that time (See United States ex rel. Maselli v. Reincke, 261 F.Supp. 457, 463 [D.C.Cir. 1966]).

Settle order on notice.