CALDWELL, Chief Justice.
We have this cause on remand by the Supreme Court of the United States for further consideration in the light of Bruton v. United States.[1]
Defendants below, Donald Felix Schneble and Edward Frank Snell, were found guilty of murder in the first degree by a jury, without recommendation of mercy, and sentenced to death. The evidence, corroborated by defendants, is that defendants and Maxine Ramona Collier, the victim, traveled along the Gulf Coast from New Orleans to a point in Walton County, Florida, where Mrs. Collier was killed by the defendants. The defendants put the body in the trunk of the automobile and hauled it to Hillsborough County where it was discarded in a trash dump. They then drove to the Keys and back northward to Palm Beach County where they were halted by a patrol officer because of defective lights. With permission of defendant Snell, the driver, the officer entered the car to drive it off the roadway and, in doing so, observed a gun. Both defendants were held on various charges. The officers, in the course of their inquiry touching suspicious circumstances, including bloodstains and the ownership of the automobile, queried defendants about the disappearance of Mrs. Collier.
*612 Defendant Schneble’s confession was complete in detail as to the killing and the disposition of the body. He disclosed and accompanied the officers to its location and the place where the murder was committed.
Schneble’s confession implicated defendant Snell and Snell, when advised as to Schneble’s action, implicated himself. That both defendants, prior to interrogation, were several times properly advised as to their rights to counsel and to remain silent is not questioned.
We have with care re-examined the record in the light of the Bruton decision, supra. In the joint trial of Bruton and one Evans, at which Evans did not testify, Evans’ confession, implicating Bruton, was admitted. A prior confession by Evans had been held unconstitutional. The trial court instructed the jury that although Evans’ later confession was competent as against Evans, it was inadmissible hearsay against Bruton and must be disregarded in determining Bruton’s guilt or innocence. Both were convicted. The Court of Appeals reversed Evans’ conviction, on the ground that his second confession was tainted by his prior unconstitutional confession, but affirmed Bruton’s conviction.
The Supreme Court of the United States overruled precedent to the contrary and reversed Bruton’s conviction, five members of the Court holding that, since Evans did not testify, his confession added weight to the case against Bruton in a form not subject to cross-examination, an encroachment on Bruton’s constitutional right which could not be avoided by a jury instruction to disregard Evans’ confession as to Bruton.
It is our view that, by reason of the holding of the United States Supreme Court in Bruton, our affirmation of conviction in Snell v. State of Florida must perforce stand reversed and the cause remanded for further proceedings not inconsistent with Bruton.
Inasmuch as there was no prior unconstitutional confession by Schneble, as in Bruton, and Schneble’s confession was found to be admissible, we again affirm conviction in Schneble v. State and hold that conclusion not inconsistent with Bruton, the authority cited by the Supreme Court of the United States.
It is so ordered.
ROBERTS, THORNAL, ERVIN and HOPPING, JJ., concur.
DREW, J., concurs in part and dissents in part with opinion.
THOMAS, J., dissents.

. 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.