McCAIN, Judge.
Defendant, Douglas McArthur Stubbs, was convicted of rape and on appeal contends that the trial court committed prejudicial error by admitting into evidence the written statements of two co-defendants, which inculpated him. He avers that the error was not cured by the court’s admonishment to the jury not to consider those statements against him.
In light of Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, we conclude that error was committed and therefore reverse.
Defendant presented a pretrial motion to suppress his co-defendants’ statements, and alternatively moved for a severance. He also made a motion to exclude references to him in the statements, but each of his motions was denied.
Upon- consideration of the Bruton decision, the admission into evidence of the co-defendants’ statements did constitute prejudicial error as to the defendant, despite the trial court’s clear and precise instruction to the jury not to consider them against him.
The rationale of Bruton is that if a co-defendant does not testify, his confession adds weight to the case against the defendant in a form not subject to cross-examination, resulting in a constitutional error, which is not avoided by a jury instruction to disregard the co-defendant’s statement as to the defendant.
By reason of the Bruton rule, our Florida Supreme Court has very recently reversed a conviction in a case procedurally similar to this one wherein confessions of both the defendant and co-defendant were admitted at trial and considered by our supreme court to be corroborating evidence. Schneble v. State, Fla.1968, 215 So.2d 611.
In light of Bruton and Roberts v. Russell, 1968, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, which holds that Bruton is applicable to a state proceeding and retroactive, we reverse and remand this cause for a new trial.
We have considered the defendant’s other points on appeal and find them without merit.
Reversed and remanded.
WALDEN, C. J., and OWEN, J., concur.