223 So.2d 337 (1969)
Gerald Pops BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-887.
District Court of Appeal of Florida. Third District.
May 13, 1969.
Rehearing Denied June 24, 1969.
*338 Robert L. Koeppel, Public Defender, and Gregory B. Hoppenstand, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
The appellant was the defendant below, and was adjudicated guilty of the crime of robbery. On August 19, 1968, the appellant filed his third Motion To Vacate Judgment And Sentence, pursuant to FRCrP 1.850, 33 F.S.A., which motion was summarily denied. He contends, by this appeal, that the court erred in not granting the Rule 1.850 motion and advances the contention that, during his trial, he was denied effective representation of counsel. The facts underlying this appeal are as follows: (a) appellant had employed a private attorney at trial; (b) in the midst of the trial, that attorney announced that he had a 6:30 P.M. *339 appointment and requested permission from the court to leave, entrusting the appellant to another privately employed attorney who was representing Charles Faust, a co-defendant in the case; (c) permission was given to appellant's attorney to leave the trial upon the representation by the state's attorney that subsequent proceedings would not pertain to the appellant himself.
However, once appellant's attorney had left the courtroom, the state's attorney moved to introduce into evidence a certain exhibit which was a confession of a third co-defendant, George Ferguson, and also a confession of co-defendant Faust. Both of these confessions implicated the appellant. They were admitted into evidence by the court.
Upon the court's admitting the confession of Charles Faust into evidence, Faust's attorney objected to that admission on the basis that it was based upon an illegal arrest. At no time was the appellant's attorney present during the aforementioned proceedings. Further details of this particular case may be found in Brown v. State, Fla. App. 1966, 187 So.2d 669; Brown v. State, Fla.App. 1965, 177 So.2d 518; Brown v. State, Fla.App. 1964, 163 So.2d 335.
Appellant now argues that he was deprived of his constitutional right of cross-examination and confrontation, as guaranteed by the Sixth and Fourteenth amendments of the U.S. Constitution, and specifically relies upon the case of Bruton v. United States, (1968) 391 U.S. 123, 88 S.C. 1620, 20 L.Ed.2d 476. There is no doubt that Bruton was designed to prevent an accused from losing his right to cross examine and confront a confessor, whose confession necessarily implicates said accused and who refuses to take the stand. However, the salient feature that the state relies upon to distinguish the Bruton situation from the case at bar is the fact that Bruton was held applicable in a jury trial situation, whereas the appellant's case was tried without a jury. Thus, it becomes necessary to examine these factors which necessarily differ when a case is heard by a judge sitting alone, rather than when a panel of jurors makes the determination of fact.
Fear has often been acknowledged that a lay jury is susceptible and amenable to ignoring established constitutional principles involving admissibility of confessions and exculpatory remarks. E.g. Jackson v. Denno, (1965) 378 U.S. 368, 388-392, 84 S.Ct. 1774, 1787-1810, 12 L.Ed.2d 908; 31A C.J.S. Evidence § 210. And it is a well established principle that a trial judge, sitting alone, and therefore in the capacity as trier of fact, will be less likely to be prejudicially influenced by this type of evidence than would be the untrained minds of the jurors. See 32 Fla.Jur. Trial § 278. Finally, we take judicial notice of the fact that any confession or exculpatory statements, tendered by the state for admission into evidence, must be first reviewed, and then evaluated for admissibility by the trial judge. This necessarily involves the judge's viewing every tendered piece of evidence before making an initial decision as to its constitutionality. When such evidence is rejected by a trial judge, he is deemed to have the training, experience, and discipline of faculties so as to avoid being influenced by any prejudicial effects therefrom. E.g., Leach v. State, Fla. 1961, 132 So.2d 329, cert. denied, 368 U.S. 1005, 82 S.C. 636, 7 L.Ed.2d 543 (1962); Graham v. State, Fla. 1965, 91 So.2d 662. Of course, the very purpose of such an examination in cases involving a jury is to prevent any such possible prejudicial effects from contaminating their consideration of the evidence. To reverse this trial on the basis that the trial judge, in his capacity as trier of fact, was so prejudicially influenced by his encounter with the incriminating portions of the Faust confession and the Ferguson confession, would be to cast aspersions on the entire foundation of the judge's role in any court proceeding. Thus, we must reject appellant's first point on appeal.
As a second ground for this appeal, the appellant contends that he was deprived *340 of counsel once his privately obtained attorney left the courtroom and the state had introduced into evidence incriminating confessions of the co-defendants. This contention which, in effect, charges that counsel was incompetent in his representation of appellant is without merit. The cases in this state have uniformly held that when an accused retains his own counel, he waives the right to question the competence of that counsel. Ramsey v. State, Fla.App. 1957, 191 So.2d 434; Williams v. State, Fla.App. 1966, 187 So.2d 43; Simpson v. State, Fla.App. 1964, 164 So.2d 224.
Therefore, after having examined the constitutional arguments set forth by the appellant here, we are of the opinion that the court was correct in denying the relief sought by appellant.
Affirmed.