LOPEZ, AQUILINO, Jr., Associate Judge.
Defendant, Carol Garcia, was convicted of manslaughter and sentenced to fourteen years imprisonment. Defendant and three other defendants, to-wit, Norma A. Roman, Barbara Ann Stetzler and Margaret Pearl Wolford, were indicted for first degree murder. The indictment alleged that Carol Garcia along with the aforementioned other defendants, unlawfully and from a premeditated design to effect the death of Ivan R. Rousseau, did kill and murder the said Rousseau by striking and beating' him. Prior to trial, defendant Garcia and the other defendants moved for a severance but a separate trial was denied and all four defendants were tried together. The jury found the defendant Garcia and defendants, Roman and Stetzler, guilty of manslaughter but acquitted Wolford, the other defendant. The first trial of these defendants had ended in a mistrial.
Carol Garcia filed her motion for new trial alleging that the court erred in denying her motion for severance and a separate trial. This appeal was then filed.
The point on appeal is whether or not the Court erred in denying the motion for severance where the prosecution introduced in evidence confessions of the co-defendants, Roman and Stetzler, inculpating this defendant and depriving her of her constitutional rights when said defendants did not testify.
A review of the trial proceedings, reveals that the defendant Carol Garcia and the co-defendants, Roman and Stetzler, did not take the witness stand. The trial Court admitted Roman’s and Stetzler’s statement inculpating Carol Garcia, notwithstanding the fact that Carol Garcia did not testify. The Court instructed the jury that each statement could only be considered against the defendant making the statement and no defendant’s statement could be considered against any other defendant. This trial was held prior to the rendering of the decision in the case of Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. Upon consideration of the Bruton decision, we conclude that error was committed despite the trial court’s instructions. According to Bruton v. United States and Roberts v. Russell, 1968, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed. 1100, which holds that Bruton is applicable to a court proceeding and retroactive, this cause must be reversed for a new trial. See also Schneble v. State, Fla.1967, 201 So.2d 881; Schneble v. State, Fla., 215 So.2d 611; Stubbs v. State, Fla.App.1969, 222 So.2d 228.
Reversed and remanded for new trial.