CARROLL, Judge.
An information was filed against Clarence Mackey, the appellant, and Lillie Bell Kinchen and Robert Lee Kemp, in the first count of which they were charged with the crime of robbery. In counts II and III of the information Kemp was charged with unlawful possession of marijuana and with carrying a concealed weapon.
Provision was made for Lillie Bell Kinchen to be tried separately. Mackey and Kemp waived a jury, and were brought to trial together before the court. After the state had presented its evidence Kemp withdrew his not guilty plea, and, with consent of the court and the state, pleaded guilty to the robbery charge, whereupon the offenses charged against Kemp in counts II and III were dismissed on motion of the state. Kemp then made an unsworn statement to the court regarding the robbery, in the course of which he implicated Mackey. The trial then was resumed against Mackey, who was found and adjudged guilty of robbery.
On this appeal therefrom taken by Mackey he challenges the sufficiency of the circumstantial evidence, and contends he was deprived of a fair trial because the judge before whom the case was tried acquired knowledge of facts or matters prejudicial to Mackey’s claim of innocence, from the unsworn statement received by the judge from Kemp, as to which Mackey did not have the right and benefit of cross-examination. In our opinion that latter contention of the appellant has merit.
The state’s evidence had shown that Kinchen and Kemp entered a bar and committed a robbery, taking money, a gun and some merchandise; that they were apprehended shortly thereafter, with the stolen items in their possession, in the rear seat of an automobile being driven by Mackey. In the unsworn statement given by Kemp, when he pleaded guilty following presentation of the state’s case, he stated that Mackey had knowledge of a plan and intent of the others to engage in a robbery, and that he actively participated therein by driving them to the place, Waiting in the car, and driving them from the scene.
After the Kemp statement had been received by the trial judge, Mackey testified that he went to Kinchen’s store to make a purchase; that at her request he drove her and another party to a place where the latter was let out; that thereafter Kemp was encountered and asked to be taken to a certain section; that en route Kinchen and Kemp mentioned they desired to purchase some whiskey at a liquor store which had just been passed; that he turned around and took them back to the place; that Kinchen and Kemp entered the store, and after a few minutes returned to the car; that he did not notice anything unusual, and that he then drove off with them without knowledge that any robbery had taken place; and that when they were stopped by police on suspicion of robbery he was surprised and “shocked.”
*420 From the foregoing it appears that the case against Mackey, based in substantial part on circumstantial evidence, may or may not have been sufficient for his conviction without the damaging statement of Kemp. The question presented is whether Mackey had a fair trial when the judge, as the trier of the facts, had heard Kemp’s statement implicating Mackey.
The state argues that Mackey is not in a position to contend that he did not receive a fair trial in the circumstances of this case because he did not move to disqualify the trial judge after Kemp’s statement. We reject that argument of the state. This is not an instance of bias of the trial judge. It is to be assumed that the judge was not biased, and that he conscientiously attempted to act fairly in the case. The question is whether in this situation Makey had a fair trial, and that depended upon whether, in evaluating the state’s evidence and the testimony of Mackey that he was unaware of the robbery and had no part therein, the trial judge could completely put out of his mind the Kemp statement implicating Mackey, and not be influenced thereby.
It may well be that in justice to the trial judge it should be presumed that in determining the guilt or innocence of Mackey, on the basis of the evidence presented in the case, he was in nowise influenced or affected by the Kemp statement, which, as it related to Mackey, was in conflict with the latter’s testimony and pictured him as being equally guilty with the others. However, in a similar situation a jury would not be considered capable of so acting (Bruton v. United States, infra), and we must conclude there is a reasonable probability that the trial judge could not evaluate the evidence, as it bore on the guilt or innocence of Mackey, after hearing the Kemp statement, without to some material extent being influenced thereby. Our system of law protects against the probability of unfairness, where that appears, as well as against unfairness which is patent. Therefore, without intending any reflection upon the trial judge, we hold that in the interest of justice the appellant should be granted a new trial, before a jury, or, if jury trial is waived, before a judge other than the one who heard the statement made by Kemp during the course of this trial. See Re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942. Cf. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100.
Reversed, and remanded for new trial.