239 So.2d 241 (1970)
STATE of Florida, Petitioner,
v.
Douglas McArthur STUBBS, Respondent.
No. 38723.
Supreme Court of Florida.
July 29, 1970.
Rehearing Denied October 5, 1970.
Earl Faircloth, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for petitioner.
Roger H. Grason, Ft. Lauderdale, for respondent.
PER CURIAM.
This is a petition for writ of certiorari from the District Court of Appeal, Fourth District, which reversed the conviction of respondent, charged with rape, and remanded for a new trial. We issued writ of certiorari and assumed jurisdiction to review the District Court's conclusion that the trial court erred in admitting certain incriminating statements at the trial of respondent and his co-defendants, and to resolve conflict in appellate decisions.
We considered a similar question in Schneble v. State, 201 So.2d 881 (1967), reversed on remand from the United States Supreme Court, 215 So.2d 611 (1968). In that case, a defendant confessed to homicide, after being told his co-defendant had confessed in detail. We held on reconsideration that the conviction could not stand under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), since the confession of defendant was the fruit of improper interrogation, meaning in effect it was not freely and voluntarily given; in turn, this meant that the confession of the co-defendant put into evidence material facts which otherwise were not part of the trial; we held that in *242 such circumstances, the introduction of the co-defendant's confession implicating defendant at defendant's joint trial, even with cautionary instruction to the jury to regard the confession only against the co-defendant, was reversible error under Bruton.
In the case we now decide, the District Court relied on Schneble in reversing the conviction of defendant. This case differs, however, in that the confession of defendant Stubbs was freely and voluntarily given, without showing under Schneble it resulted from unfair interrogation. We note defendant's statement was given first in time before confessions by the three co-defendants in this case.
The District Court of Appeal, Third District, considered a similar situation in Montalvo v. State, 154 So.2d 713 (1963), and concluded that where a defendant has made statements implicating himself, admission of a confession by a co-defendant tending to prove the same material facts is merely cumulative and is not reversible error. Montalvo pre-dated the Court's holding in Bruton, but does not appear to conflict with it.
We note that the facts of Bruton were that petitioner and his co-defendant were tried jointly, that the co-defendant confessed implicating defendant, that the confession was introduced at the trial with a cautionary instruction to the jury that it be considered as evidence only against the co-defendant, and defendant was convicted. The United States Supreme Court reversed, stating it was doing so
"[B]ecause of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt, admission of Evans' `confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. * * *' We therefore * * * reverse."
It is clear that the rationale of Bruton is simply that when oral evidence, even if reduced to writing, is introduced which may be considered by the jury as evidence against a defendant, the opportunity for cross-examination should be given else the evidence is tainted. However, where the defendant himself has freely and voluntarily given the same evidence in a confession or testimony, establishing the same material facts, evidence given as to the same facts in a co-defendant's confession is merely cumulative, and therefore not grounds for reversal.
We hold that where the confessions of all the defendants affirm substantially the same material facts of the offense charged; where there appears to be sufficient independent proof of the unquestionable guilt of each party; where the confession of the defendant is given freely and voluntarily, and with reasonable independence of confessions of co-defendants; where no unfavorable evidence is introduced at defendant's joint trial separately; and where instructions are given to the jury to disregard statements admitted into evidence against one defendant and not against another; that where these requirements are met, the risk of "prejudicial spillover" incrimination without cross-examination is reduced to an insignificant level.
The decision of the District Court is quashed, and this cause is remanded to the District Court with instructions to further remand to the Circuit Court to reinstate the judgment and sentence of that Court.
It is so ordered.
ROBERTS, DREW, CARLTON, ADKINS and BOYD, JJ., and BALABAN, Circuit Judge, concur.
ERVIN, C.J., dissents with opinion.
ERVIN, Chief Justice (dissenting).
This case presents for our determination solely a factual application of the harmless *243 error exception to Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which was announced by the United States Supreme Court in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).
The rationale of Bruton is that if a codefendant does not testify and if his confession or extrajudicial statements are introduced in the context of a joint trial, constitutional error occurs because of and to the extent that the codefendant's confession or extrajudicial statements present hearsay evidence inculpating another joint defendant in a form not subject to cross-examination. The Court in Bruton specifically overruled Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957), and concluded that under such circumstances limiting instructions do not provide an adequate substitute for the constitutional right of cross-examination. Although the Bruton rule was enunciated in a fact situation where the defendant deprived of the constitutional right of confrontation and cross-examination did not himself confess or provide inculpating extrajudicial statements, decisions in the wake of Bruton have made it clear that the existence of the constitutional error described in Bruton is not vitiated where a defendant otherwise deprived of the right of cross-examination due to the introduction of inculpating statements attributed to his nontestifying codefendant, himself confesses. See Schneble v. State, Fla. 1967, 201 So.2d 881, reversed on remand from the United States Supreme Court, 215 So.2d 611, 1968. Also, United States ex rel. Johnson v. Yeager, 399 F.2d 508 (3rd Cir.1968).
The foregoing describes aptly the posture of the law under Bruton prior to the advent of Harrington v. California, supra. In Harrington, the Court was faced with the issue of deciding whether the mere occurrence of a Bruton error automatically required a reversal or whether under particular circumstances there presented such a constitutional defect might yield to the operation of the harmless error rule. The Court, speaking through Mr. Justice Douglas, decided in favor of the application of the harmless error rule. The limitations or tests stated in Harrington for applying the harmless error rule bear repeating here.
"We held in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, that `before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.' * * *
"In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, a confession of a codefendant who did not take the stand was used against Bruton in a federal prosecution. We held that Bruton had been denied his rights under the Confrontation Clause of the Sixth Amendment. Since the Confrontation Clause is applicable as well in state trials by reason of the due process clause of the Fourteenth Amendment (Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923), the rule of Bruton applies here. * * *
* * * * * *
"* * * But we conclude that on these special facts the lack of opportunity to cross-examine Cooper and Bosby constituted harmless error under the rule of Chapman.

"Rhone, whom Harrington's counsel cross-examined, placed him in the store with a gun at the time of the murder. Harrington himself agreed he was there. Others testified he had a gun and was an active participant. Cooper and Bosby did not put a gun in his hands when he denied it. They did place him at the scene of the crime. But others including Harrington himself, did the same. Their evidence supplied through their confessions, was of course cumulative. But apart from them the case against Harrington was so overwhelming that *244 we conclude that this violation of Bruton was harmless beyond a reasonable doubt, unless we adopt the minority view in Chapman (386 U.S., at 42-45, 87 S.Ct., at 836-838) that a departure from constitutional precedents should result in an automatic reversal, no matter what the weight of the evidence.
"* * * Our judgment must be based on our own reading of the record and on what seems to us to have been the probable impact of the two confessions on the minds of an average jury. We admonished in Chapman, 386 U.S., at 23, 87 S.Ct., at 827, against giving too much emphasis to `overwhelming evidence' of guilt, stating that constitutional errors affecting the substantial rights of the aggrieved party could not be considered to be harmless. By that test we cannot impute reversible weight to the other two confessions.
"We do not depart from Chapman; nor do we dilute it by inference. We reaffirm it. We do not suggest that if evidence bearing on all the ingredients of the crime is tendered, the use of cumulate evidence, though tainted, is harmless error. * * * The case against Harrington was not woven from circumstantial evidence. It is so overwhelming that unless we say no violation of Bruton can constitute harmless error, we must leave this state conviction undisturbed." 395 U.S. at 251-254, 89 S.Ct. at 1727-1729.
In the present case, absent the written statements of two of his nontestifying codefendants which inculpated Respondent Stubbs as an active participant in the crime charged, the evidence against Stubbs was not so overwhelming as to require application of the harmless error rule under the conditions and limitations set forth in Harrington. Here the oral incriminating statement of Respondent Stubbs, revealed at trial through the testimony of an investigating officer, lacked many of the factual and corroborative details contained in the statements of Stubbs' codefendants, particularly those details from which the jury might well have been influenced to conclude that Stubbs' conduct, in terms of actual intent to commit the crime charged was equal to or on the same plane as that of his codefendants. In Harrington there was opportunity to cross-examine important state's witnesses, one of whom testified he was an eyewitness to Harrington's participation in the crime. But no similar situation obtained in this case. Only the state witness, Deputy Sheriff Samuel George, who gave testimony of Stubbs' oral confession was available for cross-examination by Stubbs' counsel. The prosecutrix could not identify Stubbs at trial as one of the four participants in the crime. The circumstances of the taking of the oral confession of the uncounselled, seventeen-year-old Stubbs by Deputy George, although admitted in evidence by the trial judge, raise questions concerning whether such confession alone was "overwhelming" in the Harrington sense had it not had the bolstering support of the corroborating details supplied by the written confessions of the two codefendants.
This case certainly does not appear to me to fit into the rationale of Harrington. The spillover effects of the codefendants' written confessions with their elaboration of details of the crime obviously go far beyond the category of cumulative evidence to Stubbs' oral confession and appear to me to constitute Bruton error not "harmless beyond a reasonable doubt."