DREW, Justice.
These petitions for conflict certiorari have been consolidated here for argument and disposition. In the trial below the conviction of the defendant Garcia was reversed in a decision of the District Court of Appeal, Third District.[1] The convictions of Roman and Stetzler were reversed on the authority of the decision in Garcia, supra.[2]
The point on appeal in the District Court in all three cases, set forth in the decision below and the ruling thereon by that court, is as follows :[3]
“The point on appeal is whether or not the Court erred in denying the motion for severance where the prosecution introduced in evidence confessions of the co-defendants, Roman and Stetzler, inculpating this defendant and depriving her of her constitutional rights when said defendants did not testify.
*634 “A review of the trial proceedings, reveals that the defendant Carol Garcia and the co-defendants, Roman and Stetzler, did not take the witness stand. The trial Court admitted Roman’s and Stetzler’s statement inculpating Carol Garcia, notwithstanding the fact that Carol Garcia did not testify. The Court instructed the jury that each statement could only be considered against the defendant making the statement and no defendant’s statement could be considered against any other defendant. This trial was held prior to the rendering of the decision in the case of Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. Upon consideration of the Bruton decision, we conclude that error was committed despite the trial court’s instructions. According to Bruton v. United States and Roberts v. Russell, 1968, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed. 1100, which holds that Bruton is applicable to a court proceeding and retroactive, this cause must be reversed for a new trial. See also Schneble v. State, Fla.1967, 201 So.2d 881; Schneble v. State, Fla., 215 So.2d 611; Stubbs v. State, Fla.App.1969, 222 So.2d 228.”
The state here asserts that the decisions below are in conflict with Hawkins v. State [4] and Schneble v. State.[5] To resolve these conflicts and to clarify any inconsistency in the reliance by the District Court on the case of Stubbs v. State [6] to sustain its decision we granted certiorari.
Subsequent to the argument of these petitions here this Court has resolved all of the questions presented here in State of Florida v. Douglas McArthur Stubbs, Fla., 239 So.2d 241 opinion filed July 29, 1970, in which we quashed the decision of the District Court of Appeals, Fourth District, relied upon in the decisions below. In this decision we discussed at length the decisions involved, holding:
“We hold that where the confessions of all the defendants affirm substantially the same material facts of the offense charged; where there appears to be sufficient independent proof of the unquestionable guilt of each party; where the confession of the defendant is given freely and voluntarily, and with reasonable independence of confessions of co-defendants ; where no unfavorable evidence is introduced at defendant’s joint trial separately; and where instructions are given to the jury to disregard statements admitted into evidence against one defendant and not against another; that where these requirements are met, the risk of ‘prejudicial spillover’ incrimination without cross-examination is reduced to an insignificant level.”
In these cases the record clearly demonstrates that the confessions of each of the defendants in the trial court, coupled with other independent, competent and clearly admissible evidence was ample to sustain the convictions and any spillover incrimination (and we find none of any consequence) is merely cumulative.
The decisions in each of the cases below are quashed with directions to reinstate the judgments and sentence in each.
It is so ordered.
ROBERTS, CARLTON and BOYD, JJ., concur.
ERVIN, C. J., dissents with opinion.

. Garcia v. State, 226 So.2d 17 (3d Dist.Ct.App.Fla.1969).

. Roman v. State, 226 So.2d 19 (3d Dist.Ct.App.Fla.1969); and Stetzler v. State, 226 So.2d 18 (3d Dist.Ct.App.Fla.1969).

. Garcia v. State, 226 So.2d 17, 18 (3d Dist.Ct.App.Fla.1969).

. 199 So.2d 276 (Fla.1967).

. 215 So.2d 613 (Fla.1968).

. 222 So.2d 228 (4th Dist.Ct.App.Fla.1969).