ERVIN, Chief Justice
(dissenting).
I dissent because of the principles of law referred to in my dissenting opinion in State of Florida v. Douglas Arthur *635 Stubbs, Fla., 239 So.2d 241, Opinion filed July 29, 1970, and because I find the facts of this case remove it from the rule established by the majority of this Court in Stubbs.
The Supreme Court of the United States, in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), recognized the dangers inherent in admitting into evidence a nontestifying codefendant’s extrajudicial statement. That Court, at pages 135-136, 88 S.Ct. at pages 1627-1628, described the situation present in the instant case, saying:
“[Tjhere are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a code-fendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial. Not only are the incriminations devastating to the defendant, but their credibility is inevitably suspect. * * * The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed.”
In Harrington v. California, 395 U.S. 250, at page 254, 89 S.Ct. 1726, at page 1728, 23 L.Ed.2d 284 (1969), the Supreme Court of the United States stated that such confessions were permissible only where “apart from them the case against * * * [the defendant] was so overwhelming that we conclude that this violation of Bruton was harmless beyond a reasonable doubt. * * ” I looked to the Bruton and Harrington rules in my dissent in Florida v. Stubbs, supra, and found that:
“ * * * absent the written satements of two of his nontestifying codefendants which inculpated Respondent * * * as an active participant in the crime charged, the evidence * * * was not so overwhelming as to require application of the harmless error rule under the conditions and limitations set forth in Harrington.”
The same is true in this case. Without the statements made by the nontestifying codefendants, it is impossible to find in the trial transcript any overwhelming evidence of their guilt. The only testimony, other than the questionable statements, which even placed a defendant at the scene of the alleged crime, came from a cellmate of Respondent Garcia who stated that Mrs. Garcia told her she had attacked a man. This fulfills neither the overwhelming evidence requirement of Harrington nor the “sufficient independent proof of the unquestionable guilt of each party” requirement of Stubbs.