HENDRY, Judge.
The appellant was originally informed against for robbery and was tried, non-jury, with other co-defendants and convicted. No appeal was taken from this conviction; however, the appellant has been before this court on previous occasions involving post-conviction proceedings. See: Brown v. State, Fla.App.1964, 163 So.2d 335; Brown v. State, Fla.App.1965, 177 So.2d 518; Brown v. State, Fla.App.1966, 187 So.2d 669; Brown v. State, Fla.App.1969, 223 So.2d 337, Fla. cert. den. mem., Fla.1969, 229 So.2d 866, U.S. cert. den. mem. (1970), 397 U.S. 969, 90 S.Ct. 1009, 25 L.Ed.2d 262.
In the latter cited opinion, this court held that the doctrine announced in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, was not applicable to a non-jury trial. Subsequent to this court’s decision in Brown v. State, Fla.App.1969, 223 So.2d 337, an opinion was rendered by this court in Mackey v. State, Fla.App. 1970, 234 So.2d 418, which held that the Bruton doctrine was applicable to non-jury cases. Thereafter, the appellant filed a petition for relief pursuant to CrPR 1.850, alleging that his conviction was erroneous under the Bruton doctrine, as recognized by this court in Mackey v. State, supra. The trial court denied relief without an evidenti-ary hearing, noting the conflict between this court’s opinion in Brown v. State, Fla.App.1969, 223 So.2d 337 and Mackey v. State, supra. This appeal ensued.
We first note that the Supreme Court of the United States, in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, held that Bruton was applicable to State decisions and the doctrine announced therein was to be applied retroactively. However, the Supreme Court of the United States, in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, recognized an exception to the Bruton doctrine to the effect that a conviction could stand, notwithstanding error in considering incriminating statements made by a codefendant, where the case against the defendant is so overwhelming that this violation is harmless beyond a reasonable doubt. The exception to the Bruton doctrine in Harrington v. California, supra, has been recognized in Florida by the Supreme Court in State v. Stubbs, Fla.1970, 239 So.2d 241, and in State v. Garcia, Fla.1970, 240 So.2d 633.[1]
*844 Examining the petition involved in the instant case in light of the decisions referred to above, we hold that Bruton is inapplicable in a non-jury case as determined by this court in Brown v. State, supra, and recede specifically from Mackey v. State, Fla.App.1970, 234 So.2d 418. Accord: Cockrell v. Oberhauser, 413 F.2d 256 (9th Cir., 1969), cert. den. mem. Cockrell v. Carter, (1970) 397 U.S. 994, 90 S.Ct. 1130, 25 L.Ed.2d 401.
As an additional ground for our decision, we hold, in accordance with Roberts v. Russell, supra, that the Bruton doctrine may be raised retroactively and that, in defending against a Bruton attack, the State may urge exception to the Bruton doctrine as laid out in Harrington v. California, supra. Measuring the trial record against these principles, we find no harmful error in the original conviction of the appellant because the tainted statements were merely cumulative to other evidence which placed the appellant at the scene of the crime and as one of the perpetrators. The following appears in the trial record:
(( % * *
“Q Do you recall which one pulled the gun on you?
“A Yes, sir.
“Q Will you point him out to the court ?
“A The boy in thé middle (indicating).
MR. SEPE: Indicating Gerald “Pops” Brown for the record.
“Q (By Mr. Sepe) And is he the one that grabbed you around the throat ?
“A Yes, sir.” (R. 54, 55)
<( * * * »
The officer who arrested Brown testified to the effect that Brown had admitted the robbery:
«* * *
“Q Did he have anything to say to you ?
“A He did; yes, sir.
“Q What did he say?
“A He told me that he had taken part in the robbery of the construction company and that he had the ring— one of the rings that was involved, at his home, with his sister. Shortly after that he carried us out there.
“Q Did he say anything else?
“A I don’t remember him saying anything else other than the fact he wanted to turn it in.
“Q Prior to the time that he said that, he admitted that he had one of the rings taken from one of the people out there ? Had you told him of the property that was taken from any of the victims ?
“A No, we hadn’t.
“Q Now, will you identify Gerald “Pops” Brown, please.
“A He’s the one with the red shirt that’s in the middle there (indicating).
MR. SEPE: Indicating the defendant Brown for the record.” (R. 117, 118)
« * * * >f
The latter part of this evidence was introduced in the trial before the introduction of the incriminating statement by the co-defendant. Such a situation has been reviewed by the Supreme Court of Florida and found not to be harmful error. See: State v. Stubbs, supra.
Therefore, for the reasons above stated, we find no error on the part of the trial judge in denying the relief sought by the petition.[2]
Affirmed.

. It is noted that the order under review in this case was entered prior to the Supreme Court of Florida rulings in State v. Stubbs, supra, and State v. Garcia, supra, said order being dated July 7, 1970.

. A trial judge can be affirmed even if he gave the wrong reasons for his order.