**Douglass McArthur STUBBS, Petitioner,**

v.

**Louie L. WAINWRIGHT, Respondent.**

**Civ. No. 71-1703.**

United States District Court,
S. D. Florida.

March 7, 1972.

Douglass McArthur Stubbs, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER

FULTON, Chief Judge.

Douglass McArthur Stubbs has filed a Petition for writ of habeas corpus attacking a 99 year sentence imposed on March 29, 1968 in the Circuit Court in and for Broward County, Florida after a jury trial resulted in a verdict of guilty for the crime of rape. Examination of the state record of petitioner's trial reveals that the petitioner was tried along with three co-defendants.

The state's case consisted of the testimony of the prosecutrix and her boyfriend both of whom related the details of the abduction of the prosecutrix by four Negro males. In addition thereto, the confession of petitioner was admitted into evidence by the oral testimony of the police officer to whom it was given. The evidence against Stubbs, including his confession, was substantially cumulative and presented no conflict or

contradiction. The petitioner's co-defendants also confessed to their parts in the crime, which confessions were introduced against them. At the trial, petitioner objected to the introduction of these other confessions and asked for a severance, claiming that his co-defendants' confessions implicated him. The trial judge overruled the objection and denied the motion for severance.

The Court, of course, cautioned and instructed the jury that each confession was to be considered only against the person who gave it, and not against the co-defendants. Although petitioner's confession was introduced through the police officer's testimony, and was thus lacking in some of the detail of the other written confessions, it was essentially identical. The police officer who testified was subjected to a full and complete cross-examination.

On direct appeal, the Florida District Court of Appeal, Fourth District, reversed petitioner's conviction and remanded for a new trial. Stubbs v. State, 222 So.2d 228 (Fla.App.1969). The Court of Appeal based its decision on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) concluding that the admission of the codefendants' statements incriminating petitioner deprived the petitioner of his Sixth Amendment right to confrontation and that the limiting instruction did not provide an adequate substitution for the constitutional right of confrontation. The state then petitioned the Florida Supreme Court for a writ of certiorari. The Florida Supreme Court issued the writ, assumed jurisdiction and quashed the decision of the District Court of Appeal with instructions to further remand the case to the Circuit Court to reinstate the judgment and sentence of that court. State v. Stubbs, 239 So.2d 241 (Fla.1970).

The Florida Supreme Court interpreted the principle in Bruton to be that when oral evidence, even if reduced to writing, is introduced which may be considered by the Jury as evidence against a defendant, the opportunity for cross-examination should be given, else the evidence is tainted. The Florida Supreme Court distinguished petitioner's case from Bruton when it stated:

"However, where the defendant himself has freely and voluntarily given the same evidence in a confession or testimony, establishing the same material facts, evidence given as to the same facts in a co-defendant's confession is merely cumulative, and therefore not grounds for reversal. We hold that where the confessions of all the defendants affirm substantially the same material facts of the offense charged; where there appears to be sufficient independent proof of the unquestionable guilt of each party; where the confession of the defendant is given freely and voluntarily, and with reasonable independence of confessions of co-defendants; where no unfavorable evidence is introduced at defendant's joint trial separately; and where instructions are given to the jury to disregard statements admitted into evidence against one defendant and not against another; that where these requirements are met, the risk of 'prejudicial spillover' incrimination without cross-examination is reduced to an insignificant level."

In the instant petition for writ of habeas corpus petitioner alleges as his ground for relief the same constitutional question resolved by the Florida Supreme Court. Petitioner, therefore, has exhausted his state remedies.

There is no factual dispute to be resolved in this cause. The initial question for determination is one of constitutional law and can be stated as follows: whether under the circumstances of petitioner's case the introduction into evidence of the co-defendant's statements containing incriminating statements against petitioner, with a limiting instruction to the jury that said statements not be considered by the jury against petitioner, resulted in a deprivation of petitioner's sixth amendment right to confrontation. The undisputed facts having been fully set forth in the

record of the trial, this Court may decide the legal issue on the basis of that record. United States ex rel. Hurston v. McGrath, 289 F.Supp. 1 (E.D.N.Y.1968).

In *Bruton* the petitioner and his co-defendant were tried jointly. At the trial the co-defendant's confession implicated the petitioner and was introduced into evidence with a cautionary instruction to the jury that it was to be considered by them as evidence only against the co-defendant. Neither the petitioner nor co-defendant testified and no incriminating statements of the petitioner were introduced into evidence. On those facts the Supreme Court concluded that:

> [B]ecause of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt, admission of Evans' confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment.

It is clear, therefore, that the underlying rationale of *Bruton* is that if a co-defendant does not testify and if his extra-judicial statement is introduced at a joint trial, constitutional error occurs because the hearsay evidence inculpating another contained in the extra-judicial statement, is not subject to cross-examination.

It is also clear, however, that the occurrence of a *Bruton* error does not automatically require a reversal. In Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969) the Supreme Court reiterated the principle recognized in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), that a federal constitutional error can be held harmless if the reviewing court is able to declare a belief that it was harmless beyond a reasonable doubt. In *Harrington*, the evidence against the defendant was circumstantial, but considerable. He made statements which fell short of a confession but which placed him at the scene of the crime. The evidence against Stubbs is perhaps even stronger than that against

Harrington. Although neither the prosecutrix or her boyfriend could identify Stubbs, their testimony as to the facts surrounding the crime were completely supported and substantiated by the petitioner's own confession. The testimony of the girl and her boyfriend, corroborated by the confession of the defendant was sufficient to prove the defendant's guilt beyond and to the exclusion of every reasonable doubt. The confessions of the petitioner's co-defendants, as in *Harrington*, were merely cumulative, containing essentially the same facts as Stubbs' confession and the testimony of the prosecutrix.

The testimony of George Pasquale, the prosecutrix' boyfriend and the prosecutrix are in accord with the petitioner's confession. As the prosecutrix and Pasquale were sitting in his parked car by the Fort Lauderdale beach on A1A, three Negro men, one of whom was armed with a gun, entered the car. After forcing Pasquale into the back seat and later into the trunk of the car, they forced the prosecutrix into their automobile and drove to a closed restaurant. The assailants wrapped a T-shirt around the girl's face and forced her to lie on sofa pillows placed on the floor. She was then raped repeatedly by the four men. The testimony of the prosecutrix and her boyfriend and the confession of Stubbs considered together presented a case so overwhelming against the defendant that the *Bruton* error was harmless beyond a reasonable doubt, Chapman v. Cal., supra, Loftis v. Beto, 450 F.2d 599 [5th Cir. decided October 8, 1971].

In Roper v. Beto, 454 F.2d 499 [5th Cir. decided December 28, 1971], a case involving a voice identification test, the Court stated:

> Although our holding above does not so require, we emphasize that any concern for the identification testimony was removed by Roper's confession. We hold that in the light of the confession read into evidence, any error, if any, was harmless beyond a reasonable doubt.

**4**

Finding that the evidence against Stubbs was so overwhelming that the *Bruton* violation was harmless beyond a reasonable doubt, it is thereupon

Ordered and adjudged that the petition of Douglass McArthur Stubbs for a writ of habeas corpus be and the same is hereby denied.