**Douglas McArthur STUBBS, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 72-2125

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1972.

Rehearing Denied Oct. 20, 1972.

Douglas McArthur Stubbs, pro se.

Robert L. Shevin, Atty. Gen., P. A. Pacyna, Asst. Atty. Gen., Tampa, Fla., Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Douglas McArthur Stubbs, a prisoner of the State of Florida, has appealed from the district court's denial of his habeas corpus petition, 340 F.Supp. 1. We affirm.

The appellant was convicted upon his trial by jury of rape and was sentenced to ninety-nine years' imprisonment on March 22, 1968. The conviction was reversed by the Florida District Court of Appeal, Fourth District, on direct appeal and the case was remanded for a new trial. Stubbs v. State, Fla.App.1969, 222 So.2d 228. The state, having subsequently petitioned the Florida Supreme Court for a writ of certiorari, was granted the writ of certiorari and the Florida Supreme Court quashed the District Court of Appeal's decision with instructions to further remand the case to the Circuit Court to reinstate that court's judgment and sentence. State v. Stubbs, Fla.1970, 239 So.2d 241. The appellant is now serving the ninety-nine year sentence.

The sole issue for determination here is whether the district court erred in holding that the violation of the appellant's sixth amendment right to confrontation, where the introduction into evidence of two codefendants' statements containing inculpatory statements against the appellant was accompanied by the court's limiting instruction that those statements not be considered against the appellant, was harmless error beyond a reasonable doubt.

The Florida District Court of Appeal, Fourth District, based its reversal of the conviction on Bruton v. United States,

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, concluding that the admission of the codefendants' statements deprived the appellant of his Sixth Amendment right to confrontation. The Florida Court, in mandating reinstatement of the appellant's conviction and sentence, found that the appellant's case was distinguishable from *Bruton* because the appellant's own statement, which contained a free and voluntary confession, established the same material facts as revealed in the codefendants' statements and therefore rendered the codefendants' statements merely cumulative and the admission thereof not grounds for reversal. The district court well expressed the rationale of its ruling in part as follows:

> "In *Bruton* the petitioner and his co-defendant were tried jointly. At the trial the co-defendant's confession implicated the petitioner and was introduced into evidence with a cautionary instruction to the jury that it was to be considered by them as evidence only against the co-defendant. Neither the petitioner nor co-defendant testified and no incriminating statements of the petitioner were introduced into evidence. On those facts the Supreme Court concluded that:

>> [B]ecause of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt, admission of Evans' confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment.

> "It is clear, therefore, that the underlying rationale of *Bruton* is that if a co-defendant does not testify and if his extra-judicial statement is introduced at a joint trial, constitutional error occurs because the hearsay evidence inculpating another contained in the extra-judicial statement, is not subject to cross-examination.

> "It is also clear, however, that the occurrence of a *Bruton* error does not automatically require a reversal. In Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969) the Supreme Court reiterated the principle recognized in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), that a federal constitutional error can be held harmless if the reviewing court is able to declare a belief that it was harmless beyond a reasonable doubt. In *Harrington*, the evidence against the defendant was circumstantial, but considerable. He made statements which fell short of a confession but which placed him at the scene of the crime. The evidence against Stubbs is perhaps even stronger than that against Harrington. Although neither the prosecutrix or her boyfriend could identify Stubbs, their testimony as to the facts surrounding the crime were completely supported and substantiated by the petitioner's own confession. The testimony of the girl and her boyfriend, corroborated by the confession of the defendant was sufficient to prove the defendant's guilt beyond and to the exclusion of every reasonable doubt. The confessions of the petitioner's co-defendants, as in *Harrington*, were merely cumulative, containing essentially the same facts as Stubbs' confession and the testimony of the prosecutrix."

After careful examination of the record and the recent cases on harmless error, Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); Schneble v. Florida, 405 U.S. 427, 92 S. Ct. 1056, 31 L.Ed.2d 340 (1972); Hoover v. Beto, 5th Cir. 1972, 467 F.2d 516; we have concluded that the district court did not err in its disposition of this case.

Affirmed.

## ON PETITION FOR REHEARING

### BY THE COURT:

It is ordered that Appellant's Motion for leave to file a petition for rehearing out of time in the above cause is hereby

granted; on consideration thereof the petition for rehearing is denied.

It is further ordered that Appellant's alternative motion to recall and stay the Court's judgment issued as mandate pending disposition of a petition for writ of certiorari to be filed in the United States Supreme Court is hereby granted.