PER CURIAM.
Appellants were convicted of forcible rape in Escambia County, Florida. Both appellants were tried together. McDole did not testify but his confession was introduced in evidence since it also implicated his codefendant, Blackwell.
Blackwell contends it was error to introduce the confession of his codefendant inasmuch as he was unable to cross-examine him when he elected not to testify. Blackwell’s contention rests on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.
In our view, this case is distinguishable from Bruton, supra. Here, there was ample corroborative evidence as to Blackwell’s guilt, particularly that given by the victim of the forcible rape herself. In State v. Stubbs, 239 So.2d 241 (Fla.1970), the court held that where there appears to be sufficient independent proof of the unquestionable guilt of each party, Bruton does not apply and the conviction should be affirmed.
Counsel for appellants has filed an Anders brief in the McDole case stating that he can find no reversible error in the record with respect to the judgment of conviction as to that appellant. As to appellant Blackwell, only the Bruton argument discussed above is raised.
Accordingly, the judgments of conviction and sentences entered thereon are affirmed.
SPECTOR, C. J., and CARROLL, DONALD K., and WIGGINTON, JJ., concur.